IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-03376-GPG

ANDRE DEMETRIUS WILLIAM JONES,

    Plaintiff,

v.

JERRY SCHIFFELBEIN, Homicide Detective, Colorado Springs Police Department, and
PETER CAREY, Chief of C.S.P.D., Colorado Springs Police Department,

    Defendant.

## ORDER DISMISSING CASE

Plaintiff Andre Demetrius William Jones is a prisoner currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Plaintiff initiated this action on December 12, 2014, by filing a Prisoner Complaint.  On December 15, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Plaintiff to submit either a request to proceed pursuant to § 1915 on the proper Court-approved form, or in the alternative to pay the $400 filing fee in full.  Plaintiff cured the deficiency and was granted leave to proceed pursuant to § 1915 on January 6, 2015.

Upon review of the Complaint on January 6, 2015, Magistrate Judge Gallagher directed Plaintiff to show cause why this action should not be dismissed because his claims challenging his conviction and sentence in Case No. 13CR3585 in the El Paso County District Court appeared to be barred by the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994).  Magistrate Judge Gallagher also advised Plaintiff that to the extent he was challenging his conviction and seeking to obtain his release from incarceration, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies.

After being granted an extension of time to file a written response to the January 6, 2015 Order to Show Cause, Plaintiff filed a letter on March 11, 2015 stating that he "wishes to dismiss the instant action without prejudice voluntarily pursuant to Fed. R. Civ. P. 41." (*See* ECF No. 9). The Court will construe the Letter, ECF No. 9, as a Notice of Voluntary Dismissal in this case.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Defendant has not filed an answer in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A)(I) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The case, therefore, will be closed as of March 11, 2015, the date the Notice was filed with the Court. *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of March 11, 2015, the date Plaintiff filed the Notice (ECF No. 9) in this action. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this  13th  day of    March        , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court